**Kathleen and Peter TERREBONNE, et al.**

v.

**ALLSTATE INSURANCE COMPANY, et al.**

**Civil Action No. 06–4697.**

United States District Court, E.D. Louisiana.

July 31, 2007.

Keith Michael Couture, Peter James Diiorio, Samuel Beardsley, Jr., Keith Couture Law Firm, Mandeville, LA, for Plaintiff.

Judy Y. Barrasso, Edward R. Wicker, Jr., H. Minor Pipes, III, Barrasso Usdin Kupperman Freeman & Sarver, LLC, Wayne J. Lee, Andrea L. Fannin, Heather Shauri Lonian, Mary L. Dumestre, Stone Pigman Walther Wittmann, LLC, Gregory John McDonald, David Edward Walle, John William Waters, Jr., Bienvenu, Foster, Ryan & O'Bannon, Ralph Shelton Hubbard, III, Seth Andrew Schmeeckle, Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA, Howard Bruce Kaplan, Aimee E. Durel, Eugene M. McEachin, Jr., Robert A. McMahon, Jr., Stephen N. Elliott, Bernard, Cassisa, Elliott & Davis, William Lee Brockman, Blue Williams, LLP, Metairie, LA, Marshall Mc Alis Redmon, Virginia Y. Trainor, Phelps Dunbar, LLP, Baton Rouge, LA, Amy Sabrin, Andrew L. Sandler, Victoria L.C. Holstein, Skadden, Arps, Slate, Meagher & Flom, LLP, Washington, DC, for Defendant.

### ORDER AND REASONS

SARAH S. VANCE, District Judge.

Before the Court is defendant Allstate Insurance Company's motion to strike the class allegations pursuant to Rule 23(d)(4) of the Federal Rules of Civil Procedure. For the

following reasons, the Court GRANTS defendant's motion.

## I. BACKGROUND

Plaintiffs are nineteen Louisiana property owners who suffered damage to their property during Hurricane Katrina and who have sued their insurance providers under their homeowner's policies. The named plaintiffs each seek to represent all other similarly situated class members, namely Louisiana homeowners who suffered a total loss of their property as a result of Hurricane Katrina. The twelve defendant insurance companies are: Allstate Insurance Company, State Farm Fire and Casualty Company, Louisiana Citizens Property Insurance Company, Liberty Mutual Insurance Company, The Hartford Insurance Company, Metropolitan Property and Casualty Insurance Company, Balboa Insurance Company, Farmers Insurance Company, American Reliable Insurance Company, United Fire and Casualty Company, Hanover Insurance Company, and Travelers Casualty Insurance Company of America.[1] Plaintiffs seek recovery based on Louisiana's Valued Policy Law, La.Rev.Stat. § 22:695. Specifically, plaintiffs assert that the insurers placed a valuation on their respective properties for premium purposes and did not pay the full value of those properties after they became a total loss. They allege that they sustained a covered loss to their property, and the VPL obligates their insurers to pay the full value of their policies.

Since the filing of plaintiffs' amended complaint on September 29, 2006, eight of the named plaintiffs have dismissed their claims against Liberty Mutual, Hartford, Metropolitan, American Reliable, and Balboa, leaving seven defendants remaining in the lawsuit. Allstate now moves to strike the class allegations pursuant to Rule 23(d)(4).[2]

## II. DISCUSSION

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. To be certified, the class must first satisfy the following threshold requirements of Rule 23(a): (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality ("named parties' claims or defenses are typical . . . of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interest of the class"). *See id.* at 623, 117 S.Ct. 2231 (citing *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)). In addition, the class must satisfy one of the three subsections of Rule 23(b). *See Amchem Prods.,* 521 U.S. at 614, 117 S.Ct. 2231. The party seeking class certification bears the burden of showing that all of the criteria are met. *See id.; Unger v. Amedisys Inc.,* 401 F.3d 316, 320 (5th Cir.2005). Rule 23(d)(4) authorizes a district court "to make appropriate orders . . . requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly." FED.R.CIV.P. 23(d)(4); *see also Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 184 n. 6, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ("Under Rule 23(d)(4), the District Court may in some instances require that pleadings be amended to eliminate class allegations."); *Aguilar v. Allstate Fire & Cas. Ins. Co.,* 2007 WL 734809, at *2 (E.D.La. Mar.6, 2007) ("A court may strike class allegations under Rule 23(d)(4) where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate."); *Thompson v. Merck & Co., Inc.,* 2004 WL 62710, at *2 (E.D.Pa. Jan.6, 2004) ("If the court determines that the prerequisites of Rule 23 are not satisfied, then the court may issue an order 'requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons.' "). Here, Allstate challenges plaintiffs' ability to maintain a class action under either Rule 23(b)(3) or Rule 23(b)(1)(A), the

---

1. Of the nineteen named plaintiffs, three aver that they are insured by Allstate, three by State Farm, three by Metropolitan, two by Hartford, and one each by the remaining defendants.

2. Hanover, Lafayette, and Standard Fire (improperly identified as "Travelers Casualty Insurance Company of America" in plaintiff's petition) also join Allstate's motion to strike. (R. Docs.89, 90, 96).

two subsections on which plaintiffs rely for certification in their amended complaint. The Court addresses each subsection in turn.

### 1. Rule 23(b)(3)

■ Where, as here, the proposed class seeks money damages, Rule 23(b)(3) imposes two prerequisites, predominance and superiority: "[Q]uestions of law or fact common to the members of the class [must] predominate over any questions affecting only individual members, and ... a class action [must be] superior to the other available methods for the fair and efficient adjudication of the controversy." FED.R.CIV.P. 23(b)(3); *see also Amchem Prods.*, 521 U.S. at 615, 117 S.Ct. 2231 (characterizing Rule 23(b)(3) as two additional requirements to those set forth in Rule 23(a)[3]); *Unger*, 401 F.3d at 320. To predominate, "common issues must constitute a significant part of the individual cases." *Mullen*, 186 F.3d at 626. "This requirement, although reminiscent of the commonality requirement of Rule 23(a), is 'far more demanding' because it 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Unger*, 401 F.3d at 320 (quoting *Amchem Prods.*, 521 U.S. at 623–24, 117 S.Ct. 2231).

■ Plaintiffs contend that the predominance requirement is satisfied because they ask the Court to determine a threshold legal issue: whether they are entitled under the VPL to a rebuttable presumption to recover the full value of their policies unless their respective insurers can prove that an uncovered peril caused their total loss. This argument is wide of the mark. While the "rebuttable presumption" issue may be common to all of the plaintiffs' claims, it does not change the nature of plaintiffs' claims. Even if plaintiffs were entitled to the presumption, plaintiffs' claims still require highly individualized inquiries into the cause of each plaintiff's loss and the amount of the damages sustained at each of the plaintiff's properties. Regardless of any rebuttable presumptions, a VPL case still requires proof by someone of the proximate cause of each plaintiff's total loss.[4] Under similar circumstances, a Mississippi federal court denied class certification in a lawsuit brought by all insured Mississippi property owners against their insurers, stating:

> Each property owner in Mississippi who had real and personal property damaged in Hurricane Katrina is uniquely situated. No two property owners will have experienced the same losses. The nature and extent of the property damage the owners sustain from the common cause, Hurricane Katrina, will vary greatly in its particulars....

*Comer v. Nationwide Mut. Ins.*, 2006 WL 1066645, at *2 (S.D.Miss. Feb.23, 2006). Other district courts have likewise rejected Katrina-related class certifications under Rule 23(b)(3) because of the highly individualized and varied nature of the respective plaintiffs' claims. *See Aguilar*, 2007 WL

---

**3.** Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

**4.** That, generally, the existence of a "rebuttable presumption" does not eliminate issues of individualized proof finds support in Louisiana case law. *See, e.g., Williams v. Aymond*, 945 So.2d 823, 830 (La.App. 3d Cir.2006) ("In Louisiana jurisprudence applying La.R.S. 32:81, there is a rebuttable presumption that a following motorist involved in a rear-end collision is negligent in causing the accident. To overcome this presumption, the following motorist must prove that he or she maintained a proper lookout."); *Everett v. Rubicon, Inc.*, 938 So.2d 1032, 1042 (La.App. 1st Cir.2006) ("Therefore, pursuant to LSA–R.S. 23:1061(A)(3), Rubicon was entitled to a rebuttable presumption that it was Everett's statutory employer. The burden then shifted to Everett to rebut this presumption by demonstrating that the work he was performing at the time he sustained his injuries was not an integral part of or essential to Rubicon's ability to generate its goods, products, or services."); *Jaramillo v. Lopez*, 925 So.2d 559, 564 (La.App. 4th Cir.2006) ("The *Housley* presumption is a rebuttable presumption, however. Even if the presumption exists, a defendant may defeat it by showing that an alleged injury could have been caused by some other particular incident rather than by the accident that the plaintiff claims was the cause of the injury.").

734809; *Spiers v. Liberty Mut. Fire Ins. Co.*, No. 06–4493, 2006 WL 4764430 (E.D.La. Nov. 21, 2006); *Guice v. State Farm Fire & Cas. Co.*, 2006 WL 2359474 (S.D.Miss. Aug.14, 2006). The Court therefore concludes that certification of plaintiffs' proposed class is inappropriate under Rule 23(b)(3), as the different factual circumstances pertaining to each claim outweigh the common legal issues.[5]

■ Finally, to the extent that plaintiffs ask the Court to at least proceed with questions of liability on a class basis, this argument also fails. Before the Court can even reach the issue of damages, the VPL requires a determination that an individual plaintiff's property sustained a total loss that was proximately caused by a covered peril. *See Caruso v. Allstate Ins. Co.*, 2007 WL 625830, at *10 (E.D.La. Feb.26, 2007). This inquiry necessarily entails a highly specific factual determination of the cause and extent of that plaintiff's damages. For the reasons already discussed, this makes resolution of plaintiffs' claims through a class action inappropriate under Rule 23(b)(3).

## 2. Rule 23(b)(1)(A)

■ Rule 23(b)(1) provides that an action may be maintained as a class action when:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. . . .

FED.R.CIV.P. 23(b)(1). In the context of a proposed Rule 23(b)(1)(A) class certification, the Fifth Circuit recently instructed a district court to "consider the extent to which the due process concerns inherent in *Allison* [*v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir.1998)] apply to a(b)(1)(A) class and whether a(b)(1)(A) class can be maintained if damages are the primary remedy sought." *Langbecker v. Electronic Data Sys. Corp.*, 476 F.3d 299, 318 (5th Cir.2007) (internal citations omitted). The court added that

"resolution of these issues is still uncertain in the Fifth Circuit." *Id.*

In *Allison,* the Fifth Circuit determined that monetary relief may be obtained in a Rule 23(b)(2) class action as long as the predominant relief sought is injunctive or declaratory. 151 F.3d at 411. The court stated that "monetary relief 'predominates' under Rule 23(b)(2) when its presence in the litigation suggests that the procedural safeguards of notice and opt-out are necessary, that is, when the monetary relief being sought is less of a group remedy and instead depends more on the varying circumstances and merits of each class member's case." *Id.* at 414. The court explained:

[T]he drafters of Rule 23 found it unnecessary to provide (b)(1) and (b)(2) class members with the absolute right to notice or to opt-out of the class-procedural safeguards made mandatory under (b)(3) for class members who might wish to pursue their claims for money damages in individual lawsuits and to not be bound by membership in a class action. Providing these rights exclusively to (b)(3) classes demonstrates concern for the effect of monetary claims on class cohesiveness. Monetary remedies are often related directly to the disparate merits of individual claims. As a result, a class seeking substantial monetary remedies will more likely consist of members with divergent interests.

*Id.* at 412–13 (internal citations omitted).

Having considered *Allison,* the Court finds that certification of a class under Rule 23(b)(1)(A) is inappropriate here. Plaintiffs predominantly seek monetary relief, specifically the face value of their respective homeowner's policies under La.Rev.Stat. § 22:695. As discussed above, the facts almost certainly will vary from plaintiff to plaintiff, including the amount and type of damage sustained and the specific cause of the damage (wind, rain, and/or flood). In *Allison,* the court implied that class certification is inappropriate under Rule 23(b)(1)(A) for individualized damage claims akin to those presented in

---

**5.** Because the Court finds that the predominance requirement has not been satisfied, it need not address Rule 23(b)(3)'s superiority requirement.

this case. *Id.* at 421 n. 16 ("Given the individual-specific nature of the plaintiffs' claims for compensatory and punitive damages, we perceive no risk of inconsistent adjudications or incompatible standards of conduct in having *those claims* adjudicated separately.") (emphasis in original). Moreover, plaintiffs have not alleged an entitlement to any type of class-wide recovery. Further, the only declaratory relief plaintiffs request is as to the burden of proof, and they do not seek injunctive relief. Plaintiffs thus have not demonstrated that defendants would face incompatible standards of conduct if the Court does not certify the proposed class. Given the type and predominance of monetary damages requested, the Court concludes that it is improper to certify the class under Rule 23(b)(1)(A).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to strike the class allegations under Rule 23(d)(4).